UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ADVANCED CHIROPRACTIC  ) <br> HEALTH AND WELLNESS CENTER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> INTERNAL REVENUE SERVICE, *et al.*, ) <br> ) <br> Respondents. ) | CASE NO. 1:11 MC 0090 <br><br> JUDGE DONALD C. NUGENT <br><br> <u>MEMORANDUM OF OPINION</u> <br> <u>AND DISMISSAL ORDER</u> |

Before the Court is a Petition to Quash I.R.S. Summons filed by *pro se* Petitioner Troy Munson on behalf of Advanced Health and Wellness Center. Mr. Munson seeks an order from this Court quashing a third-party summons issued by the Commissioner of Internal Revenue on September 9, 2011. For the reasons set forth below, the Petition is denied.

**Background**

A letter from Mr. Munson to Northern District of Ohio Clerk of Courts, dated October 6, 2011, explained that his pleading was erroneously returned because the $350.00 fee to file a new civil case was not enclosed. Mr. Munson remarked that he was not filing a new case, but a petition

to quash for which the fee should be $39.00. He then filed the present petition on October 13, 2011, enclosing the $39.00 filing fee.

A review of the attachments to the Petition indicate I.R.S. Agent Eric Nix issued a summons on September 9, 2011 to Key Bank, 4910 Tiedeman Road, Brooklyn, Ohio 44144-2309. (Pet.'s Ex. A.) The Summons required Key to appear before Agent Nix: "In the matter of the income tax liability of Advanced Chiropractic Health and Wellness Center also doing business as Orting Chiropractic Health and Wellness Center. To provide records as per attached summons rider and bank letter." *Id*.

Petitioner now seeks to quash the summons, arguing that (1) the IRS failed to provide him advanced notice of the summons, (2) the summons was issued for the improper purpose of a criminal investigation, (3) the summons was issued in violation of 26 U.S.C. § 6330(e), (4) the summonses was issued in bad faith based on the violations 1-3, (5) the summons violates privacy laws of the United States, and (6) execution of the summons will violate the privacy laws of Washington State and his rights under the 4th Amendment of the United States Constitution. Mr. Munson requests that this Court enjoin the I.R.S. from continuing the enforcement and/or issuance of any collection summonses.

## Lack of Standing

The Internal Revenue Code ("Code") authorizes the I.R.S. to obtain information from a taxpayer or to require the production from "any person" holding records "relating to the business of the person liable for tax." 26 U.S.C. § 7602; *Chen Chi Wang v. United States*, 757 F.2d 1000,

2

1002 (9th Cir.1985). Section 7609 of the Code contains special procedures for third-party summons.[1] 26 U.S.C. § 7609. These procedures give any person who is entitled to notice of the third-party summons a right to intervene or bring proceedings to quash the summons. 26 U.S.C. § 7609(b)(1)-(2). To this end, the statute mandates that "[n]otice shall be given to any persons identified" in the summons. 26 U.S.C. § 7609(a)(1)(B). Notice is deemed sufficient if it is "'mailed by certified or registered mail to the last known address of such person' who is entitled notice." *Cook v. United States*, 104 F.3d 886, 888 (6th Cir.1997)(quoting 26 U.S.C. § 7609 (a) (2)).

In the summons to the Key Bank, the taxpayer named in the body of the document is Advanced Chiropractic. Advanced is the taxpayer "identified in the description of the records contained in the summons," and entitled to commence a proceeding to quash the summonses in the judicial district of the third party recordkeepers. In this context, the statute puts the taxpayer "in the shoes of the third party record keeper." *United States v. Beacon Federal Savings & Loan*, 718 F.2d 49, 53 (2nd Cir. 1983). Section 7609 does not, however, permit a litigant to invoke the rights of another. *United States v. Equitable Trust Co.*, 611 F.2d 492 (4th Cir.1979), *cert. denied sub nom. DiVivo v. United States*, 445 U.S. 950 (1980). Thus, a taxpayer does not have standing to challenge an I.R.S. summons directing a third-party to surrender records held by it in someone else's name. *Drum v. United States*, 570 F. Supp. 938, 942 (M.D. Pa.1983); *see also, U.S. v. Van Horne*, 445 F.

---

[1] A third-party recordkeeper is defined as

> (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution ... or any credit union ...;

26 U.S.C. §7609(a)(3)(A).

3

Supp. 360 (D. Neb.1978). Thus, Mr. Munson lacks standing to bring the pending Petition because he is neither the person whose bank records are being sought nor the party entitled to notice of the third-party summons.

## Lack of Jurisdiction

Even if Mr. Munson had standing to file this Petition, the Court lacks subject matter jurisdiction. Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). It is the "party seeking to invoke the jurisdiction of a federal court [who] must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir.1994).

A person entitled to notice of a third-party summons "shall have the right to bring a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (A)(2)." 26 U.S.C. § 7609(b)(2)(A). Section 7609(b)(2) outlines the proper proceeding for quashing a third-party summons and states, in relevant part:

> (A) In general—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the matter provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
>
> (B) Requirement of notice to person summoned and to Secretary—If any person begins a proceeding under Subparagraph (A) with respect to any summons, not

4

> later than the close of the 20–day period referred to in subparagraph (A) such person *shall mail by registered or certified mail a copy of the petition to the person summoned* and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

26 U.S.C. § 7609(b)(2)(emphasis added). To comply with the statute, a petitioner must serve, by registered or certified mail, a copy of the petition upon the person summoned as well as the I.R.S. office designated by the Secretary within 20 days after notice of the summons. *Id.*

The doctrine of sovereign immunity precludes Petitioner from subjecting the United States government to suit without its consent. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Thus, because this Court's jurisdiction is dependent upon such waiver or consent, the terms must be strictly construed. *United States v. Sherwood*, 312 U.S. 584, 586, 590 (1941). Only a conditional waiver of the United States' sovereign immunity is provided by section 7609. As such, this Court must construe its requirements strictly. *See Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir.1990). These requirements are jurisdictional. *Gaumer v. United States*, 685 F. Supp. 167, 168 (N.D. Ohio 1988); *McTaggart v. United States*, 570 F. Supp. 547, 551 (E.D. Mich.1983).

The current regulation governing proceedings to quash explain in pertinent part:

> (2) Requirements for a proceeding to quash. To institute a proceeding to quash a summons, a person entitled to notice of the summons must, not later than the 20th day following the day the notice of the summons was served on or mailed to such person—
>
>> (I) File a petition to quash a summons in the name of the person entitled to notice of the summons in the proper district court;
>>
>> (ii) Notify the Internal Revenue Service (I.R.S.) by sending a copy of that petition to quash by registered or certified mail to the I.R.S. employee and office

5

> designated in the notice of summons to receive the copy; and
>
> (iii) Notify the summoned person by sending by registered or certified mail a copy of the petition to quash to the summoned person.
>
> (3) Failure to give timely notice. If a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the I.R.S. in the manner described in this paragraph, that person has failed to institute a proceeding to quash and the district court lacks jurisdiction to hear the proceeding.

26 C.F.R. § 301.7609–4(b). Here, the challenged summons reflects it was served by United States mail upon "Key Bank" on September 9, 2011. Therefore, Mr. Munson was required not only to file his Petition before this Court on or before September 29, 2011, but also to serve a copy of the Petition upon the person summoned, Key Bank, and "the I.R.S. employee and office designated in the notice of summons to receive the copy" (here, presumably Mr. Nix at the I.R.S.), on or before September 29, 2011. *Faber*, 921 F.2d at 1119 (for purposes of 26 U.S.C. 7609(b)(2), notice is given on the date it is mailed); *see also* 26 C.F.R. § 301.7609–4(b)(2).

Mr. Munson avers he served the Petition upon Mr. Nix on September 30, 2011, one day beyond the required time limitation. Moreover, he provides no evidence that he served Key Bank at all. Further, there is no certificate of service or any other document demonstrating compliance with 26 U.S.C. § 7609(b)(2) and 26 C.F.R. § 301.7609–4(b) attached to the Petition. Thus, he has failed to give the third party notice, by certified or registered mail, of his Petition to quash. This jurisdictional defect cannot be cured. *See Franklin v. United States*, 581 F. Supp. 38 (E.D. Mich.1984). Because Mr. Munson failed to comply with the statutory notice requirements, this Court lacks subject matter jurisdiction to hear this action. *See id.*

## Conclusion

For the reasons set forth above, the Petition to Quash Third Party Summons is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ Donald C. Nugent 10/25/11*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.